O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RAY McNALLY,<br><br>                 Plaintiff,<br><br>          v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>                 Defendant.<br>_____ | NO. EDCV 11-1658-MAN<br><br>MEMORANDUM OPINION<br><br>AND ORDER |

Plaintiff filed a Complaint on October 25, 2011, seeking review of the denial by the Social Security Commissioner ("Commissioner") of plaintiff's application for a period of disability and disability insurance benefits ("DIB").  On November 14, 2011, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge.  The parties filed a Joint Stipulation on June 18, 2012, in which:  plaintiff seeks an order reversing the Commissioner's decision and awarding benefits or, alternatively, remanding for further administrative proceedings; and the Commissioner requests that his decision be affirmed or, alternatively, remanded for further administrative proceedings.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

On July 28, 2009, plaintiff filed an application for a period of disability and DIB, alleging an inability to work since September 1, 2005. (Administrative Record ("A.R.") 13, 117-21.) Plaintiff, who was born on December 24, 1950 (A.R. 117),[1] claims to have been disabled since September 1, 2005 (A.R. 13, 117) due to: alcohol abuse; high blood pressure; depression; and treated tonsillar carcinoma, which has resulted in dry mouth, difficulties speaking and swallowing, night sweats, shaky hands, and limitations in his ability to crawl and lift.[2] (A.R. 15, 28-32, 42-45, 161, 291, 256; Joint Stip. 7-11.) Plaintiff has past work experience ("PRW") as an "industrial maintenance mechanic." (A.R. 18, 162.)

After the Commissioner denied plaintiff's application initially and upon reconsideration (A.R. 57-60, 61-65), plaintiff requested a hearing (A.R. 66.) On October 12, 2010, plaintiff, who was represented by counsel, appeared and testified at a hearing before Administrative Law Judge Sharilyn Hopson (the "ALJ"). (A.R. 24-54.) Vocational expert Roxane Minkus (the "VE") and medical expert Samuel Landau (the "ME"), also testified. (*Id.*) On November 3, 2010, the ALJ denied plaintiff's claim (A.R. 13-23), and the Appeals Council subsequently denied

---

[1] On the alleged disability onset date, plaintiff was 54 years old, which is defined as an individual approaching advanced age. Subsequently plaintiff's age category changed to advanced age. (20 C.F.R. § 404.1563.)

[2] At the reconsideration level, plaintiff additionally alleged that he suffers from "deteriorating memory and mo[]tor skills." (A.R. 174.)

plaintiff's request for review of the ALJ's decision (A.R. 1-4). That decision is now at issue in this action.

**SUMMARY OF ADMINISTRATIVE DECISION**

The ALJ found that plaintiff met the insured status requirements of the Social Security Act through December 31, 2014, and that he had not engaged in substantial gainful activity "at least through the end of 2009." (A.R. 15.) The ALJ determined that plaintiff has the severe impairments of: treated tonsillar carcinoma without recurrence; and alcohol abuse in reported, but questionable, early remission. (*Id.*) The ALJ further determined that "[plaintiff]'s asserted high blood pressure, dry mouth, and depression do not result in any work-related limitations and are, therefore, non-severe impairments." (*Id.*) The ALJ concluded that these impairments did not meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, the Listing of Impairments. (*Id.*)

After reviewing the record, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform "less than the full range of medium work as defined in 20 C.F.R. [§] 404.1567(c)." (A.R. 16.) Specifically, plaintiff can:

> lift and/or carry 50 pounds occasionally and 25 pounds frequently; stand and/or walk 6 hours in an 8-hour workday; and sit 6 hours in an 8-hour workday. He can climb stairs but he cannot climb ladders, work at heights, or balance. He

1        cannot operate motorized equipment or vehicles or work around
2        unprotected machinery.  His work environment should be air-
3        conditioned for temperature control.  He should have no
4        contact with the public either by telephone or in person
5        because of his difficulty speaking.

(A.R. 16.)

The ALJ found that plaintiff was unable to perform his PRW as an industrial maintenance mechanic.  (A.R. 18.)  However, based upon plaintiff's age, education, work experience, and RFC, the ALJ found that plaintiff acquired work skills from his PRW that are transferable to other occupations in which jobs exist in the national economy that plaintiff could perform, such as "machine operator."  (A.R. 19.) Accordingly, the ALJ concluded that plaintiff has not been under a disability, as defined in the Social Security Act, since September 1, 2005, the alleged onset date of his disability.  (*Id.*)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence.  <u>Orn v. Astrue</u>, 495 F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Id.* (citation omitted).  The "evidence must be more than a mere scintilla but not necessarily a preponderance."  <u>Connett v. Barnhart</u>, 340 F.3d 871, 873 (9th Cir. 2003).  "While inferences from the record can constitute

substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health and Hum. Servs., 846 F.2d 573, 576 (9th Cir. 1988); *see also* Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; *see also* Connett, 340 F.3d at 874. The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)(*quoting* Stout v. Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also* Burch, 400 F.3d at 679.

///
///

**DISCUSSION**

Plaintiff alleges the following two issues: (1) whether the ALJ properly considered plaintiff's subjective complaints; and (2) whether the ALJ properly concluded that plaintiff possessed transferable skills. (Joint Stipulation ("Joint Stip.") at 3-4.)

## I. The ALJ Failed To Set Forth Clear And Convincing Reasons For Finding Plaintiff's Testimony Regarding His Subjective Symptoms To Be Not Credible.

Plaintiff contends that the ALJ erred by failing to "comment regarding plaintiff's subjective statements and testimony under oath." (Joint Stip. at 4.) While plaintiff testified to various symptoms, plaintiff identifies only three symptoms that the ALJ improperly ignored erroneously -- *i.e.*, plaintiff's uncontrollable hand shaking, his impaired sleep due to night sweats, and his inability to crawl and/or lift heavy items.[3] (Joint Stip. at 7-8, 10.) Plaintiff asserts that "these subjective statements and testimony . . . are in fact directly related to and as a result of his cancer treatment in 2005, and should have been considered by this [ALJ] in the decision making process." (Joint Stip. at 11.)

---

[3] Although the Court does not address the other symptoms alleged by plaintiff, the Court notes that the ALJ found plaintiff's impairments of high blood pressure, dry mouth, and depression to be "non-severe" impairments -- a finding which was not challenged by plaintiff. Moreover, notwithstanding the ALJ's finding that plaintiff's dry mouth was "non-severe," her RFC assessment for plaintiff includes a limitation that plaintiff "have no contact with the public either by telephone or in person because of his difficulty speaking." (A.R. 16.)

Once a disability claimant produces objective medical evidence of an underlying impairment that is reasonably likely to be the source of claimant's subjective symptom(s), all subjective testimony as to the severity of the symptoms must be considered. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 1992); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991); *see also* 20 C.F.R. § 404.1529(a) (explaining how pain and other symptoms are evaluated). "[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each." Robbins, 466 F.3d at 883. The factors to be considered in weighing a claimant's credibility include: (1) the claimant's reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and his conduct; (3) the claimant's daily activities; (4) the claimant's work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains. *See* Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); *see also* 20 C.F.R. § 404.1529(c).

At the October 12, 2010 hearing, plaintiff testified that he could not do his past job as an industrial maintenance mechanic, because his legs and arms felt weak and he could not "turn a bolt of any size anymore." (A.R. 30.) He also testified that, following his surgery, he could not "work on small things because [his hands] sh[ook] too bad." (A.R. 44.) He noted, for example, that "periodically [his] hand would shake so bad [that he] couldn't get a screwdriver in the screw." (A.R. 45-46.) In fact, plaintiff testified that, because of his condition,

1  his company "started making sure somebody was with [him] whenever [he]
2  would go into an electric panel and that kind of stuff." (*See* A.R. 44,
3  noting that he was "slower and less cautious" after surgery.) Plaintiff
4  also testified that he is more physically limited since his cancer
5  treatment, because he is unable to lift heavy items or "crawl around and
6  get up under stuff." (*Id.*)

8  In his Disability Report, plaintiff asserted, *inter alia*, that he
9  cannot write, because his "hands shake so bad." (A.R. 161.) He also
10 asserted that he cannot carry out a normal workday due to "dizziness[,]
11 passing out[,] and hands shaking sometimes so badly." (A.R. 167.)
12 Plaintiff stated that he had to quit his job, because his condition "was
13 causing [him] to work slower than others." (A.R. 161.)

15 As noted above, the ALJ found that plaintiff has the severe
16 impairments of "treated tonsillar carcinoma without recurrence and
17 alcohol abuse in reported but questionable early remission." (A.R. 15;
18 internal citation omitted). The ALJ cited no evidence of malingering by
19 plaintiff. Accordingly, the ALJ's reasons for rejected plaintiff's
20 credibility must be "clear and convincing."

22 In rejecting plaintiff's statements regarding his subjective
23 symptoms and limitations, the ALJ stated only that "[plaintiff's]
24 statements concerning the intensity, persistence and limiting effects of
25 his symptoms are credible only to the extent that they are consistent
26 with the [RFC] assessed herein." (*Id.*) As noted *supra*, plaintiff
27 testified to various symptoms and limitations arising from his tonsillar
28 carcinoma and its subsequent treatment. While the ALJ may find these

symptoms and limitations to be not credible, the ALJ's above-quoted, boilerplate statement is not "sufficiently specific" to allow this Court to determine whether the ALJ rejected plaintiff's statements on permissible grounds. Therefore, the ALJ's reasoning does not constitute a clear and convincing reason, as required, for finding plaintiff to be not credible.[4]

### II. Remand May Require Reevaluation Of Plaintiff's RFC And, Therefore, A Step Five Reassessment.

Plaintiff generally contends the ALJ erred at step five by finding that plaintiff had transferrable job skills and could perform jobs in the national economy. Plaintiff assigns error, *inter alia,* challenging the hypothetical posed to the VE, because it failed to discuss plaintiff's impairments involving his upper extremities and fatigue and the ALJ's description of plaintiff's transferable skills lacks specificity. Plaintiff contends that: his transferable skills are only "marginally transferrable" to the machine operator job identified by the VE; plaintiff's PRW and the machine operator job are "very different"; and there are not enough machine operator positions available to constitute a "significant" number of jobs. (Joint Stip. at 14-21.)

For the reasons discussed above, remand is necessary due to error committed by the ALJ in connection with her assessment of plaintiff's

---

[4] While the Commissioner now offers other reasons to explain the ALJ's credibility determination, the Court cannot entertain these post hoc rationalizations. *See, e.g.*, Connett, 340 F.3d at 874 (finding that "[i]t was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

credibility. Further proceedings could result in a modification of the ALJ's RFC assessment and, thus, require a revision of the ALJ's step five finding.

**III. Remand Is Required.**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.* at 1179-81.

Remand is the appropriate remedy to allow the ALJ the opportunity to remedy the above-mentioned deficiencies and errors. *See, e.g.*, Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004) (remand for further proceedings is appropriate if enhancement of the record would be useful); *see* Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993) (ordering remand so that the ALJ could articulate specific and appropriate findings, if any existed, for rejecting the claimant's subjective pain testimony). Accordingly, on remand, the ALJ must either credit plaintiff's testimony regarding his subjective symptoms and

limitations or give clear and convincing reasons why that testimony is not credible.  After so doing, the ALJ may need to reassess plaintiff's RFC, in which case, testimony from a vocational expert likely will be needed to determine what work, if any, plaintiff can perform.

## CONCLUSION

For the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  January 31, 2013

*Margaret A. Nagle*
_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE